THE CITY OF TOLEDO v. MICHAEL JACOBSON.

1. SECTIONS 2250 AND 2317, R. S., CONSTRUED TOGETHER.

The section of the Revised Statutes which applies to the appropriation of property by a municipal corporation applies also to assessments made upon private property for public improvements.

2. REFERENCE IN ONE SECTION TO A PRECEDING SECTION.

> Where no provision is made in a particular section of the statute for the arising of certain contingencies, but a reference is made to the provisions of a preceding section, then upon the arising of those contingencies the provisions of the section referred to will apply.

3. FAILURE TO MAKE IMPROVEMENT AFTER ASSESSMENT OF DAMAGES.

> Where a municipal corporation assesses damages for street improvements and the city afterwards concludes not to proceed with the improvement and six months having elapsed and nothing having been done, parties who have paid attorney's fees and costs under the provisions of section 2260 of the Revised Statutes, as amended April 20, 1893, are entitled to come into court and have the costs and other proper expenses retaxed and included in the bill.

KING, J.

This is a proceeding in error in which the judgment of the court of common pleas is sought to be reversed. As is shown by the statement of facts in this record, about the 20th of February, 1893, the common council of the city of Toledo passed an ordinance for the regrading of State street between certain points. Soon thereafter, an application was made to the probate court by the city solicitor for the impanelling of a jury to assess damages claimed by the property owners abutting upon that portion of the said street, the grade of which it was proposed to change, and a jury was called and the cases were tried, and a verdict was rendered, in which damages were assessed to be paid to certain of the property owners. More than six months after that time elapsed and the city had taken no further action—had not undertaken to change the grade, as proposed in its ordinance, nor do anything further in the cases. Thereupon the property owners filed, in the probate court, a motion to retax the costs, claiming that right under section 2250, as amended April 20, 1893, and asked the court, in such retaxation, to include therein the expenses of the property owners expended in trying the cases, including reasonable attorney's fees to the attorneys for the property owners. That motion was heard in the probate court and overruled. A petition in error to that judgment was filed in the court of common pleas and there heard and the action of the probate court was reversed, and the court of common pleas, proceeding to render such judgment as the probate court should have rendered, found against the city judgment for the amount of these costs and attorney's fees. The city claims that there is no authority under the statutes, in a proceeding of this kind, to assess those costs against the city. As I have said, the motion to retax was based upon section 2260, as amended in 1893, and which amendment added to the original section which had been in force in this state for many years, substantially this: That, upon motion of any defendant, the costs in the case should be retaxed—that is, after the expiration of six months—and a reasonable attorney's fee, to be paid to the attorney of such defendant, together with any other reasonable and proper expense incurred by defendant in an amount to be then fixed by the court, shall be added to and included in such costs as a part thereof, to be collected by execution, or otherwise, in the same manner as though originally so taxed.

It is claimed that the section does not apply in this proceeding. That section is found in chapter III of this revision of the statutes of Ohio, which relates to the appropriation of property by a municipal corporation. The proceedings instituted in the probate court in this case to assess damages, was brought under section 2317 of the Revised Statutes, chapter IV, of the same division of the statutes, and relates to as-

sessments to be made upon private property for public improvements, and it is claimed by the city that the previous section has no application here. In the chapter relating to assessments, is a subdivision relating to the assessment of damages; and section 2315 provides that: "An owner of a lot, or of land bounding or abutting upon a proposed improvement, claiming that he will sustain damages by reason of the improvement, shall, within two weeks after the service or the completion of the publication of the notice mentioned in section 2304, file a claim in writing with the clerk of the corporation, setting forth the amount of the damages claimed, together with a general description of the property with respect to which it is claimed the injury will accrue," etc.

Section 2316 provides that "At the expiration of the time limited for filing claims for damages, as provided in the last section, the council shall determine whether it will proceed with the proposed improvement, or not; also whether the claims for damages filed as aforesaid shall be judicially inquired into as hereinafter provided, before commencing, or after the completion of the proposed improvement; and if it decides to proceed therewith, an ordinance for the purpose shall be passed; and where provision as to damages is not made in this chapter, the provisions in chapter III of this division shall apply to the proceeding so far as they are applicable.

Section 2317 then provides that if they conclude to assess the damages before the improvement is made, that either the mayor or the city solicitor shall make application to the court of common pleas or to a judge thereof in vacation, or to the probate court, to impanel a jury to assess these damages.

Section 2318 provides that the jury shall be sworn and shall receive such instructions as are necessary from the court; if they cannot agree, they shall be discharged; but if they can agree as to a part, a judgment shall be had as to the part and they shall be discharged as to the rest.

Section 2319 provides that the finding of the jury shall be final, and there shall be no appeal.

Section 2320 provides: "In cases in which the jury finds no damages, the cost of the inquiry shall be taxed against the claimant, and be collected on execution; and in other cases, the court shall render judgment on the verdict and furnish the clerk of the corporation, on application, a statement of the amount of damages and costs in each case."

This is enough of the statute to be referred to for the purposes of this question. It will be observed that it describes how the damages are to be assessed; that a jury be called by the tribunal or court in which the proceeding is pending; that it shall be instructed according to the rules of law and the rules of damages, and they shall return a verdict, and upon that verdict, if they find against the claimant, the court shall render a judgment against him for the costs, to be collected on execution; and if they find damages in any other cases, the court shall render a judgment upon the verdict, and then the court will furnish the clerk of the corporation, on his application, a statement of the damages and the costs of the proceedings; and nothing further is said in relation to the subject.

There is no provision in this chapter stating what shall be done in case the city concludes that it would not be advisable to proceed with the improvement, after the damages have been assessed. Nor is there any provision expressly made allowing the city to abandon the improvement after it has once passed an ordinance providing for it. But it oc-

curs to me that it was the purpose of the legislature in passing this statute authorizing the council to proceed either before the improvement was made or afterwards, at their option, to have these damages assessed, that the city might still have the option remaining to abandon the improvement if after the damages had been assessed, the authorities had come to the conclusion that it would be inadvisable to go on with it. Various circumstances could occur, which will suggest themselves to every one, that might cause the city to take that course after it had instituted a proceeding of this character and the damages had been assessed, and it might appear clear they had been rendered under such circumstances as made them exorbitant and that it would be inadvisable for the city to proceed; for, it must be observed, that these damages, when assessed upon a part of the improvement must be assessed back upon the owners of the property, who are supposed to be benefited by this improvement, and therefore it would be due to those property owners who are to pay those special assessments, that an exorbitant amount of damages should not be assessed against them, and that the city should have an opportunity, after it had ascertained somewhere near what it would have to pay for the making of this improvement in the way of damages, that it might abandon its proposed improvement; but there is nothing in the statute to say when they may abandon it or what length of time shall elapse before it shall be considered that they have abandoned it. Now, under these circumstances, it appears clear that with the provision of section 2316, which says that where provisions for damages are not made in this chapter the provisions of chapter III shall apply so far as they are applicable, we are expected to go back and apply the provisions of chapter III to chapter IV. If section 2260 were incorporated in chapter IV, it would be an entirely proper provision, to wit, that after six months have elapsed without the city having proceeded with the proposed improvement, that it shall be held to have abandoned it, and it shall be considered that they cannot further go on, without the passage of a new ordinance and the institution of new proceedings; and I am satisfied that that part of the section is applicable to chapter IV—that after six months they shall be held to have abandoned their idea of making an improvement. And, if one part is applicable, why not then the other? The provision of chapter III says, "When a municipal corporation makes an appropriation of lands"—but the use of the word "land," does not change the right to have interpolated into chapter IV that provision, because the subject matter of the third division was the appropriation of lands; and therefore the legislature, in passing section 2260, would only speak of lands. But here is an appropriation of private property; not lands, but rights, of value to the property owner, and if any part of this section can be said to be applicable in proceedings for the assessment of damages, we do not see why all parts of the section should not be applicable. It would have been reasonable and entirely proper, if the legislature had seen fit, for it to say that if the city abandoned its improvement and did not go on with it after it had entailed these costs and expenses upon the property owners in the assessment of damages, that it should then pay those costs and expenses; not only the ordinary taxable costs, but that to them should be added the personal expenses of the property owners in pressing their cases in the probate court, or whatever court the proceedings were pending in.

The legislature having declared that any provision of chapter III relating to damages, is applicable in a proceeding to assess damages under

this chapter, it seems to us that the provision relating to the retaxation of costs is just as pertinent and just as applicable as any other part of that section, or any other part of chapter III, and the city having concluded not to proceed with that improvement, and six months having elapsed and they having done nothing, then it should be held that the parties who have paid attorney's fees and costs should have a right to come into court and have these expenses included in the bill.

We are of the opinion that the judgment of the court of common pleas was right upon that question, and therefore it will be affirmed.

*C. F. Watts*, for Plaintiff in Error.

*J. W. Cummins*, for Defendant in Error.